*Shaw v. McDonald et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT:

> ROBERT A. KATZMANN,
> *Chief Judge,*
> PIERRE N. LEVAL,
> *Circuit Judge,*
> RICHARD M. BERMAN,\*
> *District Judge.*

_____

Kenneth Daniel Shaw,

> *Plaintiff-Appellant*,

v.                                                          17-1122

Robert A. McDonald, Secretary of the
Department of Veterans Affairs, Acting
Director Mara Davis, EMS Chief Terry
Vogt, Nurse Manager Eilleen Hughes,
United States Department of Veterans
Affairs, Forewoman Lawanche Thomas,

> *Defendants-Appellees*,

_____

\* Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Merit Systems Protection Board,
New York Office, Judge Maureen Briody,

*Defendants*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Kenneth Shaw, *pro se*, Poughkeepsie, NY. |
| FOR DEFENDANTS-APPELLEES: | Peter Aronoff, Christopher Connolly, Assistant United States Attorneys, of Counsel, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kenneth Shaw, proceeding *pro se*, appeals from the district court's grant of motions to dismiss and for summary judgment in favor of his employer, the Department of Veterans Affairs (the "VA"). Shaw sued the VA for disparate treatment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, claiming that he was fired because he is Muslim and in retaliation for his filing equal employment opportunity ("EEO") complaints. Shaw also challenged the determination of the Merit Systems Protection Board ("MSPB" or the "Board"), under 5 U.S.C. § 7703, that Shaw had verbally abused a patient (the "non-discrimination claim"). The district court dismissed Shaw's Title VII claims because he failed to plausibly allege an inference of either discrimination or retaliation. In addition, the district court granted summary judgment to the VA on the non-discrimination claim and held that the Board's determination was supported by substantial evidence. We assume the parties'

2

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court correctly granted the VA's motion to dismiss Shaw's Title VII claims. "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In doing so, we will not "credit conclusory allegations or legal conclusions couched as factual allegations." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted).

For a Title VII disparate treatment claim to survive a motion to dismiss, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). Our Court generally looks to four factors to determine whether a remark made in the workplace is probative of discriminatory motive: "(1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process)." *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010).

The district court properly determined that Shaw's disparate treatment claim failed because Shaw did not plausibly allege that his religion was a motivating factor for his termination. Although Shaw alleges that co-workers made statements that a reasonable fact-finder could view as discriminatory, he has failed to allege that these co-workers played any role in the VA's decision to fire him or that their remarks were made near the time that he was fired. Moreover, Shaw has

3

failed to provide any information about whether an employee whom Shaw alleged was not fired for using abusive language was similarly situated to him. *See Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (finding that a "similarly situated" comparator requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, including acts of comparable seriousness).

The district court likewise correctly dismissed Shaw's retaliation claim. For a retaliation claim to survive a motion to dismiss, a "plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e–3(a)). Retaliation claims must also satisfy a "but-for" causation standard. *Id.* at 90-91 (citing *Univ. of Texas Sw. Med. Ctr. V. Nassar*, 133 S. Ct. 2517, 2533 (2013)). Shaw has failed to plead the requisite causal connection between his EEO complaints and his termination. Although Shaw disputes the language that he used in an altercation with a patient, he admits on appeal that he told the patient to "calm the F down." Appellant's Br. at 19. It is further undisputed that the VA prohibits its employees from engaging in verbal abuse. Given the nearly 12-month gap between the time of his EEO complaint and his firing, and his admission to using profanity toward a patient, Shaw has failed to plausibly allege that his EEO activity was a "but-for" cause of this termination.

The district court lastly properly granted summary judgment to the VA on the non-discrimination claim. "[We] set aside actions of the Merit Systems Protection Board unsupported by substantial evidence," and determine "whether an action of the Board is in accordance with law." *Borsari v. F.A.A.*, 699 F.2d 106, 109 (2d Cir. 1983). Witness testimony, together with Shaw's own admission that he directed profane language at a patient, constitute substantial evidence in support of the Board's decision sustaining the charge of verbal abuse. Because the

4

VA had in place a policy against verbal abuse, and because the VA reasonably determined that abusive conduct by staff interferes with the provision of quality healthcare, we conclude that the Board's determination and sanction were reasonable, supported by the record, and were not arbitrary, capricious, or an abuse of discretion.   The Board acted within its discretion in mitigating Shaw's penalty from termination to a 30-day suspension.   We accordingly affirm for substantially the reasons stated by the district court in its thorough March 16, 2017 decision.

We have considered all of Shaw's arguments and have found in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court